
L. Paul Mankin, IV (SBN 264038)
LAW OFFICES OF L. PAUL MANKIN, IV
8730 Wilshire Blvd, Suite 310
Beverly Hills, CA 90211
Phone: 800-219-3577
Fax: 323-207-3885
pmankin@paulmankin.com

*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE TAYLOR, an individual ) | Case No. |
| ) | |
| Plaintiff, ) | **COMPLAINT FOR DAMAGES UNDER THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT AND THE TELEPHONE CONSUMER PROTECTION ACT** |
| vs. ) | |
| COMENITY BANK AND DOES 1 THROUGH 10. ) | 1. Violation of Rosenthal Fair Debt Collection Practices Act |
| Defendants. ) | 2. Violation of Telephone Consumer Protection Act |
| ) | **DEMAND FOR JURY TRIAL** |

Plaintiff Jacqueline Taylor (hereinafter "Plaintiff"), alleges the following upon information and belief based upon personal knowledge:

**COMPLAINT**
-1-

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ. Code §1788, *et seq.* (hereinafter "RFDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Ancillary to the claims above, Plaintiff further alleges claims for Defendant's violations of the Telephone Consumer Protection Act., 47 U.S.C. §227, *et seq.* (hereinafter "TCPA").

## II. PARTIES

2. Plaintiff, is a natural person residing in Los Angeles County in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3), is a "debtor" as defined by Cal. Civ. Code §1788.2(h) and is a "person" as defined by 47 U.S.C. § 153 (10).

3. At all relevant times herein, Defendant, Comenity Bank ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "consumer debt," as defined by Cal. Civ. Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due and therefore is a "debt collector" as defined by the RFDCPA, Cal. Civ. Code §1788.2(c). Defendant is a "person" as defined by *47 U.S.C. § 153 (10)*.

## III.  FACTUAL ALLEGATIONS

4.  At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt owed by a third party not known by Plaintiff.

5.  From the beginning of February 2015 through March 2015, Plaintiff received approximately 62 calls from Defendant in an attempt to collect a debt not owed by Plaintiff.

6.  Defendant contacted Plaintiff from the following telephone numbers in its attempt to contact a third party that allegedly owes a debt: 888-245-4114, 614-212-7532, 720-456-3692, 844-271-2552, 913-562-5513, 913-312-3223, 913-563-5511, 913-563-9912, 614-212-5294, 800-695-7444, 614-212-5295, and 714-529-0133.

7.  On numerous occasions Plaintiff answered Defendant's collection calls to demand that Defendant stop calling her but each time Plaintiff answered the telephone Plaintiff could not get through to a live representative before ending the telephone call.

8.  On March 4, 2015, Plaintiff sent Defendant a cease and desist letter demanding that the collection calls to her cease.   But, on information and belief,

Defendant contacted Plaintiff at least seven additional times following Plaintiff's cease and desist letter to Defendant.

9. On information and belief, Defendant contacted Plaintiff using an automatic telephone dialing system.

10. Defendant used an "automatic telephone dialing system", as defined by *47 U.S.C. § 227(a)(1),* to place its repeated collection calls to Plaintiff seeking to collect debt allegedly owed by a third party.

11. Plaintiff believes an automatic telephone dialing system was used to contact her because when Plaintiff would answer Defendant's collection calls Plaintiff was never able to speak with a live representative after she would answer the telephone. Plaintiff would answer the telephone and state a greeting but would not receive a response from Defendant. After several seconds of waiting for Defendant to state a response Plaintiff would disconnect the telephone call.

12. Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

13. Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to *47 U.S.C. § 227(b)(1)*.

14. Since Plaintiff is not the debtor that Defendant has been seeking to collect the alleged debt from and the telephone called by Defendant to reach

Plaintiff is under Plaintiff's sole use and control, Defendant does not have express consent to contact Plaintiff on her cellular telephone using an automated telephone dialing system.

15. Defendant's conduct violated the RFDCPA in multiple ways, including but not limited to:

    a) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff (§1692c(a)(1));

    b) Causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§1692d(5));

    c) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal Civ Code §1788.11(d));

    d) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal Civ Code §1788.11(e));

16. Defendant's conduct violated the TCPA by:

    a) using any automatic telephone dialing system or an artificial or pre-recorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call (47 USC §227(b)(A)(iii)).

**COMPLAINT**
-5-

17. As a result of the above violations of the RFDCPA and TCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

18. Plaintiff reincorporates by reference all of the preceding paragraphs.

19. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

    A. Actual damages;
    B. Statutory damages for willful and negligent violations;
    C. Costs and reasonable attorney's fees,
    D. For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT

20. Plaintiff incorporates by reference all of the preceding paragraphs.

21. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each

and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

22. As a result of Defendant's negligent violations of *47 U.S.C. § 227 et seq.*, Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B).*

23. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

24. As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227 et seq.*, Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C).*

25. Plaintiff is entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. As a result of Defendant's negligent violations of *47 U.S.C. §227(b)(1),* Plaintiff is entitled to and request s$500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B).*

**COMPLAINT**
-7-

B. As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*.

C. Any and all other relief that the Court deems just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Respectfully submitted April 1, 2015

By: _____
L. Paul Mankin
Law Offices of L. Paul Mankin
Attorney for Plaintiff